# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **KIMBERLY A. GARZA and** | ) | |
| **MARTIN GARZA, Husband and** | ) | |
| **Wife,** | ) | |
| | ) | **7:05CV5001** |
| **Plaintiffs,** | ) | |
| | ) | **ORDER** |
| **vs.** | ) | |
| | ) | |
| **ROGER HENSON TRUCKING** | ) | |
| **L.L.C. and BRETT MILLER,** | ) | |
| | ) | |
| **Defendants.** | ) | |

This matter is before the court on defendants' motion to strike plaintiffs' jury demand (#13).

The record shows that this case was removed from the District Court of Scotts Bluff County, Nebraska on January 12, 2005. Defendants' Answer was also filed on January 12, 2005. Under Nebraska law, the plaintiffs would have been entitled to a jury trial in state court without the need to make an express demand, *see* Neb. Rev. Stat. § 25-1104[1], and no jury demand was made in the state district court. Plaintiff filed a jury demand in this court on May 24, 2005 (#11). Defendant contends that plaintiff's jury demand is untimely and should be deemed waived under Fed. R. Civ. P. 81(c).

Rule 81(c) of the Federal Rules of Civil Procedure, governing cases removed from state court, provides in part that:

> If at the time of removal all necessary pleadings have been served, a party entitled to trial by jury under Rule 38 shall be accorded it, if the party's demand therefor is served within 10 days after the petition for removal is filed if the party is the petitioner, *or if not the petitioner within 10 days after service on the party of the notice of filing the petition....* If state law applicable in the court from which the case is removed does not require the parties to make

---

[1]Neb. Rev. Stat. § 25-1104 provides that "[i]ssues of fact arising in actions for the recovery of money or of specific real or personal property, shall be tried by a jury unless a jury trial is waived or a reference be ordered as hereinafter provided."

> express demands in order to claim trial by jury, they need not make demands after removal *unless the court directs that they do so within a specified time* if they desire to claim trial by jury. The court may make this direction on its own motion and shall do so as a matter of course at the request of any party. The failure of a party to make demand as directed constitutes a waiver by that party of trial by jury.

Fed. R. Civ. P. 81(c) (emphasis added). Thus, unless this court has "directed" that the plaintiffs expressly demand a jury trial within a specified time, under Rule 81(c) the plaintiffs are automatically entitled to a trial by jury in federal court without the need to make an express demand. *See Bruns v. Amana*, 131 F.3d 761, 762 (8th Cir. 1997). In this regard, NECivR 81.1 (2004) provides:

> **Demand for Jury Trial in Removed Cases.** If applicable state law does not require the parties to make express demands in order to claim trial by jury, a party desiring trial by jury in a removed action shall make a demand therefor in this court within the time prescribed by Federal Rule of Civil Procedure 81(c). The failure of a party to make a demand as directed by this rule constitutes a waiver by that party of trial by jury.

This rule, which is substantially similar to its predecessor, NELR 81.2[2], constitutes "a directive by the District Court." *See Bruns v. Amana*, 131 F.3d at 762.

It does appear that "all necessary pleadings," i.e., the state court complaint and the defendants' answer, were served at the time of the removal on January 12, 2005, and that the plaintiffs were required to make a demand for jury trial within ten days after service of the notice of filing the petition for removal.

---

[2]NELR 81.2 provided:

> **Removed Cases, Demand for Jury Trial.** In an action removed from a state court, a party entitled to trial by jury under Fed. R. Civ. P. 38 shall be accorded it, if demand therefor is filed and served within ten days after the notice of removal is served or within ten days after the answer is served, whichever is later, if that party is the petitioner for removal; or, if not the petitioner, within ten days after service on that party of the notice of filing the notice of removal or within ten days after service of the answer of petitioner upon that party, whichever is later. Failure to make demand as directed herein constitutes waiver of trial by jury.

Assuming, without deciding, that plaintiffs have waived their right to jury trial by failing to file a timely demand, I find that the plaintiffs are entitled to relief under Fed. R. Civ. P. 39(b).  Rule 39(b) provides that, "notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues."

> The Eighth Circuit has instructed that requests under Rule 39(b) should be approached with an "open mind." *Littlefield v. Fort Dodge Messenger,* 614 F.2d 581, 584 (8th Cir. 1980) (*quoting* 9 C. Wright & A. Miller, *Federal Practice & Procedure: Civil* § 2334, at 116 (1971)). "[J]ury trials ought to be liberally granted when no prejudice results." *Id.*  The Court has also said that a Rule 39(b) motion should be granted unless there are "strong and compelling" reasons not to do so.  *First Wisconsin Nat'l Bank of Rice Lake v. Klapmeier,* 526 F.2d 77, 80 (8th Cir. 1975) (*quoting Swofford v. B & W, Inc.,* 336 F.2d 406, 409 (5th Cir. 1964)). *See Cooperman v. R.G. Barry Corp.,* 141 F.R.D. 132, 136 (D. Minn. 1992).

*The New Piper Aircraft, Inc. v. Gordon*, Case No. 3-00-CV-10102,  2001 WL 706001 at *1 (S.D. Iowa, May 17, 2001).  Construing plaintiffs' jury demand as a request pursuant to Fed. R. Civ. P. 39(b), these principles limit the court's discretion in denying an untimely jury demand under Rule 39(b) "because the right to jury trial is preserved by a constitutional amendment and "the seventh amendment confers a fundamental right."" *Credit Bureau of Council Bluffs, Inc. v. Credit Bureau Data Centers, Inc.*, 143 F.R.D. 206, 212 (S.D. Iowa 2001).

In *Credit Bureau of Council Bluffs*, the district court identified five factors that district courts should consider in the exercise of discretion under Rule 39(b):

> (1) whether the case involves issues which are best tried to a jury;
> (2) whether granting the motion would result in a disruption of the court's schedule or that or an adverse party;
> (3) the degree of prejudice to the adverse party;
> (4) the length of the delay in having requested a jury trial;  and
> (5) the reason for the movant's tardiness in requesting a jury trial.

143 F.R.D. at 212.

Plaintiffs' claims arise from a motor vehicle accident, issues which are usually tried to juries.  The jury demand was not significantly delayed and was made before any

significant discovery was conducted.  Defendants do not claim they would be unfairly prejudiced in any way if this matter were tried to a jury.

**ORDER**

For the reasons discussed herein,

**IT IS ORDERED:**

1.      Defendants' motion to strike plaintiffs' jury demand (#13) is denied.

2.      Plaintiff's Jury Demand (#11) is deemed properly filed pursuant to Fed. R. Civ. P. 39(b)

3.      The Clerk of the Court shall amend the records of the Court to reflect that this case will be tried to a jury.

**DATED June 3, 2005.**

           **BY THE COURT:**

           **s/ F.A. Gossett**
           **United States Magistrate Judge**