IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| KIMBERLY A. GARZA and<br>MARTIN GARZA, Husband and Wife, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | 7:05CV5001 |
| vs. | )<br>) | ORDER |
| ROGER HENSON TRUCKING L.L.C.<br>and BRETT MILLER, | )<br>)<br>)<br>) | |
| Defendants. | ) | |

This matter is before the court on defendants' motion to strike plaintiffs' expert witnesses (Filing 20). Having considered the parties' written submissions (Filings 20, 21, 22, 23, and 24), I find that the motion should be denied and the witnesses should not be stricken.

## BACKGROUND

Plaintiffs' claims arise from personal injuries Kimberly Garza sustained in a motor vehicle accident on July 28, 2002. The plaintiffs and defendants were ordered to complete expert witness disclosures pursuant to Fed. R. Civ. P. 26(a)(2) by January 26, 2006 and March 6, 2006, respectively. *See* Filing 12 (Final Progression Order at ¶ 2). In the Final Progression Order, the parties were cautioned that, generally, a treating physician "shall not be deemed to be 'retained or specially employed to provide expert testimony in a case' within the meaning of Fed. R. Civ. P. 26(a)(2)(B), but a treating physician must be identified pursuant to Fed. R. Civ. P. 26(a)(2)(A)."[1] *Id.* at ¶ 2 n.1.

---

[1] Fed. R. Civ. P. 26(a)(2) provides:
  (2) Disclosure of Expert Testimony.
    (A) In addition to the disclosures required by paragraph (1), a party shall disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.
    (B) Except as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case or

On April 11, 2006, defendants filed their motion to strike plaintiffs' expert witnesses for failure to comply with Rule 26(a)(2)(B).  Attached to the motion is the Expert Witness Disclosure served by the plaintiffs on January 9, 2006, designating seven treating physicians, one police officer, and one mechanic as plaintiffs' experts.  Apparently, the motion to strike is limited to the medical witnesses.

In response, plaintiff advises that these witnesses are all individuals who treated the plaintiff and will be called to testify on issues of causation, impairment, prognosis, the need for future treatment, and the cost of providing medical care.

## LEGAL ANALYSIS

In its comments to the 1993 amendments to Rule 26(a)(2), the Rules Advisory Committee observed that the requirement of a written report in paragraph (2)(B) applies only to those experts who are retained or specially employed to provide "expert" testimony in the case.  "A treating physician, for example, can be deposed or called to testify at trial without any requirement for a written report." *Id*.  Because of the nature of the job, treating physicians are often called to testify regarding factual matters and matters which reflect their expertise as physicians.  Thus, the treating physician is said to be "the quintessential example of a hybrid witness for whom no Rule 26(a)(2)(B) disclosures are required." *Sullivan v. Glock, Inc.*, 175 F.R.D. 497, 500 (D. Md. 1997); *see also Elgas*

---

whose duties as an employee of the party regularly involve giving expert testimony, be accompanied by a written report prepared and signed by the witness.  The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions;  the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

*v. Colorado Belle Corp.*, 179 F.R.D. 296, 299 (D. Nev. 1998); *Sprague v. Liberty Mut. Ins. Co.*, 177 F.R.D. 78 (D.N.H. 1998).

The Seventh Circuit recently observed,

[i]t is clear that there is some expert testimony in the nature of the treating physician's testimony that does not require a report. But some district courts have suggested that if the Rule 26(a)(2)(A) testimony exceeds the scope of treatment and ventures into more general expert opinion testimony, a report may be necessary. *See, e.g., Zarecki v. Nat'l R.R. Passenger Corp.*, 914 F. Supp. 1566, 1573 (N.D. Ill.1996); *Wreath v. United States*, 161 F.R.D. 448, 449-50 (D. Kan.1995); *contra McCloughan v. City of Springfield*, 208 F.R.D. 236, 240-42 (C.D. Ill. 2002).

*Musser v. Gentiva Health Services*, 356 F.3d 751, 757 (7th Cir. 2004).

In *Griffith v. Northeast Illinois Reg'l Commuter R.R. Corp.*, 233 F.R.D. 513, 517 (N.D. Ill. 2006), the court held that a Rule 26(a)(2)(B) report is required when a treating physician provides expert testimony as to causation, prognosis or future disability. In that case, the plaintiff designated Dr. Spiro Stamelos pursuant to Fed. R. Civ. P. 26(a)(2) as a "treating medical professional" of whom plaintiff intended to ask questions under Fed. R. Evid. 702, 703 or 705. Attached to the designation was Dr. Stamelos' curriculum vitae and a transcript of plaintiff's counsel's questioning of Dr. Stamelos under oath in the presence of a court reporter regarding his opinions as to the plaintiff's present and future medical condition and damages. The 12-page transcript consisted "almost entirely of leading questions posed by Griffith's attorney, and Dr. Stamelos' response to those questions." 233 F.R.D. at 517. Specifically, Dr. Stamelos had opined that "'[i]f [Griffith] continues this present work, ... I believe that this man will have to have surgery to work any job. Or he will have to quit working altogether because the condition will become very, very disabling.'" *Id*. While that opinion was probably intended to support the plaintiff's claim for damages, the plaintiff's disclosure of Dr. Stamelos as a treating physician provided virtually no information about the basis for the opinion.

The only foundation for Dr. Stamelos' opinion regarding Griffith's present work and its impact on his future disability was the hypothetical posed by Griffith's attorney; the doctor had no way of knowing whether the hypothetical bore any resemblance to Griffith's actual work duties.

The lack of foundation for Dr. Stamelos' opinions presented a problem not only for the opposing party, but also for the court.

> In *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993), the Supreme Court emphasized that the federal trial judge has a special obligation to act as a "gatekeeper" to screen out purported scientific expert testimony that is not both relevant and reliable.  In *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147-48 (1999), the Court held that the same standard applies to all expert testimony. Whether the proposed expert seeks to base his testimony on professional studies or entirely on personal experience, the expert must employ the same level of intellectual rigor that characterizes the practice of an expert in the relevant field.  *Id.* at 152. Thus, the court as "gatekeeper" has a duty to exclude testimony in the guise of expert opinion that does not meet the standards of Fed. R. Evid. 702. (*Id.*) Rule 702 requires that such testimony be based on sufficient facts or data, be the product of reliable principles and methods, and result from the witness' reliable application of the principles and methods to the facts of the case.
>
> When a treating physician testifies about his observation, diagnosis and treatment of a patient, the physician is testifying about what he saw and did and why he did it, even though the physician's treatment and his testimony about that treatment are based on his specialized knowledge and training.  As expressed by the Seventh Circuit in *Musser*, a treating physician is "providing testimony because of [his] involvement in the facts of the case...."  356 F.3d at 757.  When a treating physician limits his testimony to his observation, diagnosis and treatment, there is no need for a Rule 26(a)(2)(B) report.  In contrast, when a treating physician opines as to causation, prognosis or future disability, the physician is going beyond what he saw and did and why he did it.  He is going beyond his personal involvement in the facts of the case and giving an opinion formed because there is a lawsuit.  Often that opinion relies on information not part of the physician's personal knowledge or professional training, as demonstrated by Dr. Stamelos' opinion about the future impact of Griffith's present work, which requires information about the work duties of a car-man.

*Griffith*, 233 F.R.D. at 517-18.  The court concluded that, when causation, prognosis or future disability are in dispute, the proposed expert witness (including a treating physician) must provide

the information required by Fed. R. Civ. P. 26(a)(2)(B) to allow the opposing party to explore, and the court ultimately to determine, whether the proposed testimony on those issues meets the standards of Fed. R. Evid. 702. *Id.* at 518. Failure to do so, however, does not require that the expert witness be stricken altogether. "[I]f the physician has been disclosed pursuant to Rule 26(a)(2)(A), the physician may testify as to the nature and extent of the injury he observed and diagnosed, and the treatment that he rendered for that injury. However, without a report satisfying the requirements of Rule 26(a)(2)(B), the treating physician cannot testify as to causation, prognosis or future disability." *Id.* at 518-19. Finally, the court noted that, in "extraordinary circumstances," where requiring an expert's report from a treating physician would work undue hardship, the party could seek relief from the report requirement to prevent an unjust result. *Id*. at 519.

Even more recently, in *Kirkham v. Societe Air France*, No. 03-1083, --- F.R.D. ----, 2006 WL 1000343 n.2 (D.D.C., April 13, 2006), the district court noted that, in some jurisdictions, "a treating physician is not even an expert witness subject to disclosure under Rule 26(a)(2)(A) to the extent his testimony relates to his personal observations through interaction with a plaintiff/patient prior to the litigation.... That view has been superceded by the 2000 amendments to Fed. R. Evid. 701[2] and

---

[2]Fed. R. Evid. 701 now provides:
>If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

The advisory committee notes to the 2000 amendment state that the amended rule "does not distinguish between expert and lay *witnesses*, but rather between expert and lay *testimony*," as it is possible for the same witness to provide both lay and expert testimony in a single case. (Emphasis in original). The rule was amended "to eliminate the risk that the reliability requirements set forth in Rule 702 will be evaded through the simple expedient of proffering an expert in lay witness clothing. Under the amendment, a witness' testimony must be scrutinized under the rules regulating expert opinion to the extent that the witness is providing testimony based on scientific, technical, or other specialized knowledge within the scope of Rule 702." *Id.*

advisory committee notes which make clear that expert testimony includes opinions based on scientific, technical, or other specialized knowledge,' regardless of whether those opinions were formed during the scope of interaction with a party prior to the litigation." *Id*. (internal citations and quotations omitted). *Kirkham v. Societe Air France*, 2006 WL 1000343 at n.2.

Finally I turn to this court's decision in *Widhelm v. Wal-Mart Stores, Inc.*, 162 F.R.D. 591 (D. Neb. 1995), where the plaintiff's treating physician was allowed to testify as an expert to the treatment given but, in the absence of a Rule 26(a)(2)(B) report, was not allowed to solicit expert testimony about causation and the plaintiff's permanent disability rating.

The various authorities suggest that, with respect to medical providers, the actual need for a Rule 26(a)(2)(B) report is determined by the issues actually in dispute and the nature and scope of the medical provider's treatment or services. Four of the seven medical providers in question were initially disclosed pursuant to Fed. R. Civ. P. 26(a)(1) back on May 22, 2005. The defendants have been given the plaintiff's medical records and have the opportunity to depose these witnesses. In this case, the trial judge may feel that the plaintiff's medical records and other disclosures have provided sufficient information about or foundation for the witnesses' likely testimony. In any event, the plaintiff's medical providers would be allowed to testify as to their observations, diagnoses and treatment of the plaintiff. Considering these factors, I conclude that the witnesses should not be stricken and the defendants' motion should be denied.[3]

---

[3] Although plaintiffs' experts will not be stricken, this ruling does not relieve plaintiffs of their evidentiary burdens under Fed. R. Evid. 701 and/or 702.

## ORDER

**IT IS ORDERED** that defendants' motion to strike plaintiffs' expert witnesses (Filing 20) is denied.

> Pursuant to NECivR 72.2, a party may appeal this order by filing a "Statement of Appeal of Magistrate Judge's Order" within ten (10) days after being served with the order. The party shall specifically state the order or portion thereof appealed from and the basis of the appeal. The appealing party shall file contemporaneously with the statement of appeal a brief setting forth the party's arguments that the magistrate judge's order is clearly erroneous or contrary to law. **The filing of a statement of appeal does not automatically stay the magistrate judge's order pending appeal.** *See* NECivR 72.2(d).

**DATED April 26, 2006.**

        **BY THE COURT:**

        **s/ F.A. Gossett**
        **United States Magistrate Judge**